## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**RICHARD SOLDAN,**

              **Plaintiff,**           **CIVIL ACTION NO. 08-CV-14401-AA**

    **vs.**

                              **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**MICHAEL J. BOUCHARD,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**

              **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.**    <u>**RECOMMENDATION:**</u>    Defendants John Does (1-3) and Jane Does (1-3) should be dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

**II.**    <u>**REPORT**</u>**:**

       This matter comes before the Court on this Court's Order for Plaintiff to Show Cause why Defendants John Doe (1-3) and Jane Doe (1-3) should not be dismissed pursuant to Fed. R. Civ. P. 4(m).  (Docket no. 33).  All pretrial matters have been referred to the undersigned for action. (Docket no. 7).  The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e).  This matter is now ready for ruling.

       Rule 4(m), Fed. R. Civ. P., provides that if a defendant is not served within 120 days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time if the plaintiff shows good cause for his failure. Plaintiff filed his Amended Complaint on December 22, 2008 naming 15 Defendants other than the Doe Defendants.  (Docket no. 9).

Plaintiff is proceeding *in forma pauperis*. (Docket no. 4). Therefore, the Court would see that service of process is completed if Plaintiff sufficiently identifies the defendant for the U.S. Marshal to effect service. Plaintiff failed to provide any identifying information for these Defendants in his Amended Complaint. Service could not be effected upon them. The 120-day time period, even if measured from Plaintiff's filing of his Amended Complaint on December 22, 2008, has now expired, and Plaintiff has not provided information allowing these Defendants to be served with process.

Plaintiff did not file a response to this Court's Order to Show Cause. He did file a "Counter Answer to Defendants Answer." (Docket no. 34). In that document Plaintiff asks that the Court not dismiss these Defendants and argues that they are unidentified because "they will not allow me proper discovery, officer rosters, medical files, etc." (*Id*. at 4). However, Plaintiff fails to show that he has served any proper discovery. This Court received from Plaintiff a document labeled "Discovery Attempt" on April 20, 2009 in which he is seeking his medical records and the work schedules for the Defendants. This document is dated April 15, 2009 and as proof of service Plaintiff simply states that he "mailed these documents April 15, 2000" without specifying where and to whom he sent documents. The document does indicate that it was copied to "Pierson" which may be a reference to Defendants' counsel.

Plaintiff fails to show that during the 120-day period following the filing of his Amended Complaint he made any effort to identify the Doe Defendants, except perhaps for this "Discovery Attempt" made within the last 10 days of that period. That document fails to show that it was properly served on any party or other entity. Also, because of the specific information requested,

it is unlikely that this attempt will result in Plaintiff identifying the Doe Defendants even if it is responded to by someone.

Plaintiff has failed to show good cause for his failure to effect service on the Doe Defendants during the 120-day period.  He has also failed to offer any reasonable grounds to believe that an extension of time to allow for service would result in these Defendants being served with process. Accordingly, this Court recommends that the Doe Defendants be dismissed without prejudice.

## III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  May 15, 2009                           s/ Mona K. Majzoub_____
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Richard Soldan and Counsel of Record on this date.

Dated: May 15, 2009                        s/ Lisa C. Bartlett_____
                                           Courtroom Deputy