## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RICHARD SOLDAN,

      Plaintiff,          CIVIL ACTION NO. 08-CV-14401

 VS.                          DISTRICT JUDGE JOHN CORBETT O'MEARA

MICHAEL J. BOUCHARD,    MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,

      Defendants.

                         /

## REPORT AND RECOMMENDATION

**I.    RECOMMENDATION:** This Court recommends that Defendants' Motion to Dismiss and/or for Summary Judgment Based Upon Failure to State a Claim upon which Relief May Be Granted and Failure to Comply with Discovery (docket no. 56) be **GRANTED**, and Plaintiff's Complaint be dismissed. Defendants' request for an award of costs and fees should be denied.

**II.    REPORT:**

Plaintiff filed this action on October 16, 2008 while he was an inmate in the Michigan Department of Corrections. He was paroled on August 4, 2009. In his Amended Complaint filed December 22, 2008 Plaintiff alleges that he contracted tuberculosis while being detained in the Oakland County Jail. (Docket no. 9). Plaintiff states that he was given x-ray examinations by Defendants and was informed that he had tuberculosis, then was denied medical treatment and a second opinion concerning his medical condition. He further alleges that he was threatened with physical harm if he pursued administrative remedies related to the "TB incident." Presently before the Court is the Motion to Dismiss and/or for Summary Judgment filed by Defendants Bouchard,

1

Huyck, Mathes, Gullett, Lopez, Stetz, Seling, Jansen, Bugsby, Zeeman, Sharma, Rupe, Steele, Hanselman, and Peel. (Docket no. 56). Plaintiff has not filed a response to the motion and the time for responding has now expired. All pretrial matters have been referred to the undersigned for action. (Docket no. 7). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(f). This matter is now ready for ruling pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.     Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a complaint. When determining a motion under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pled factual allegations as true, and determine whether the plaintiff's allegations present plausible claims. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). If the moving party presents and the Court relies upon matters outside the pleadings, "the motion must be treated as one for summary judgment under Rule 56." Fed.R.Civ.P. 12(d).

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. *Id.*

**B.     Analysis**

Defendants have submitted evidence to show that on November 10, 2006 an x-ray request

2

was completed on behalf of Plaintiff at the Oakland County Health Division Jail and Children's Village. (Docket no. 56, Ex. 7). The x-ray request indicates that Plaintiff had a positive purified protein derivative ("PPD") skin test reaction of 10 mm. (Docket no. 56, Ex. 7). As a result, a chest x-ray was conducted on November 13, 2006. The x-ray result shows no evidence of active tuberculosis. (Docket no. 56, Ex. 7). A second x-ray conducted on or around March 12, 2008 by the Oakland County Health Division Jail and Children's Village also shows no active intrathoracic disease. (Docket no. 56, Ex. 7).

In addition to the x-ray results, Defendants have submitted the affidavit of Dr. Phillip Durocher, the medical doctor in charge of supervising medical care for inmates at the Oakland County Jail since 2002. (Docket no. 56, Ex. 6). Dr. Durocher states in his affidavit that during the time Plaintiff was housed at the Oakland County Jail there were no cases of active tuberculosis reported or known to the Oakland County Jail medical staff. The affidavit further states that without active tuberculosis being present, there is no way Plaintiff could have contracted the disease if, in fact, he had active tuberculosis while he was in the Oakland County Jail. A second affidavit submitted by Gregory Smith, RN, confirms that during the time frame that Plaintiff was in the Oakland County Jail there were no cases of active tuberculosis reported or known to the medical staff in the Jail. (Docket no. 56, Ex. 6). Discovery closed in this case on August 31, 2010. (Docket no. 54). Despite ample opportunity, Plaintiff has not submitted any evidence to dispute the Defendants' proofs.

Defendants further argue that Plaintiff has failed to participate in discovery. They state that Plaintiff requested an adjournment of his duly noticed December 1, 2009 deposition date so that he could retain counsel. Defendants state that they agreed to adjourn Plaintiff's deposition date until

3

January 12, 2010, but show that Plaintiff failed to appear on the date set for his re-scheduled deposition. (Docket no. 56, Ex. 3). Defendants re-scheduled Plaintiff's deposition again for April 13, 2010, but show that Plaintiff failed to appear for deposition on that date as well. (Docket no. 56, Ex. 4, 5). Plaintiff has also failed to file a witness list by July 30, 2010 as required by the Court's April 13, 2010 Scheduling Order (docket no. 54), and as previously stated, has failed to file a response to the instant motion.

Defendants have shown that they are entitled to summary judgment in this matter. Based on the foregoing, this Court recommends that the Defendants' Motion to Dismiss and/or For Summary Judgment (docket no. 56) be granted and this action be dismissed.

Defendants have requested an award of costs, fees for having to appear at two depositions, and attorney fees for having to defend against this action. "A prevailing party in a 42 U.S.C. §§ 1983, 1985 and 1986 civil rights action, at the discretion of the trial court, is entitled to attorney fees as part of costs." *Riddle v. Egensperger,* 266 F.3d 542, 547 (6th Cir. 2001) (citing 42 U.S.C. § 1988(b)). A successful defendant should only receive attorneys' fees when an action is "frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Id.* (citations omitted). "An award of attorney fees against a losing plaintiff in a civil rights action 'is an extreme sanction, and must be limited to truly egregious cases of misconduct.' " *Id.* (quoting *Jones v. The Continental Corp.,* 789 F.2d 1225, 1232 (6th Cir. 1986)). With regard to costs, the language of Fed.R.Civ.P. 54(d) provides that costs should be awarded to the prevailing party unless a court order provides otherwise, leaving the matter within the discretion of the trial court.

The Court should find that Plaintiff's actions in this case do not warrant attorneys' fees. Furthermore, while this Court recommends that Defendants' motion be granted, Defendants have

4

not demonstrated that this case was particularly complex or required them to engage in lengthy and time consuming discovery before they filed the instant motion. Therefore, considering the above, and taking into account the fact that Plaintiff was granted leave to proceed in forma pauperis on October 20, 2008, the Court should deny Defendants' request for an award of costs and fees.

### III. NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: November 22, 2010	s/ Mona K. Majzoub
MONA K. MAJZOUB
UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Richard Soldan and Counsel of Record on this date.

Dated: November 22, 2010	s/ Lisa C. Bartlett
Case Manager